IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| JOHN MICHEL LOHNER WERREN AND JUDITH GANTENBEIN ROSENAST | : | CASE NO. 05-10644(SEK) |
| DEBTORS | : | CHAPTER 7 |
| R BEST PRODUCE, INC. | : | |
| PLAINTIFF | : | ADV. NO. 06-0040 |
| V. | : | |
| JUDITH GANTENBEIN ROSENAST, JOHN MICHEL LOHNER WERREN, a/k/a John Gantenbein, John M. Lohner, John Lohner | : : : | |

**FILED & ENTERED**

1 1 JUL 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

R Best Produce (hereinafter "R Best") asks that we reconsider our order denying entry of judgment summarily, in this complaint to determine non-dischargeability of a debt against the defendants as principals and officers of Judith's Fine Foods International, for fraud or defalcation while acting in a fiduciary capacity under §523(a)(4).[1] Because the motion was filed within ten days from entry of our order, we consider it a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023.[2] We

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §101, et seq.

[2] "The federal courts have consistently stated that a motion ... which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). ... Which rule applies depends essentially on the time a motion is

2

deny the motion for reasons that follow.

In order to be successful on a Rule 59(e) motion, the moving party must establish a manifest error of law or fact, or must present newly discovered evidence. Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir. 2000). A Rule 59(e) motion cannot be used to cure a procedural defect, nor to offer new evidence or raise arguments that could and should have been presented originally to the court. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).

To meet the threshold requirements of a successful Rule 59(e) motion, the motion "must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Pabón Rodriguez, at 219.

R Best first argues that, under PACA[3] case law defalcation refers to a failure to produce the funds entrusted to a fiduciary. An individual in a position to control PACA trust assets, who does not preserve them for the beneficiaries, breaches its fiduciary duty and is personally liable. The



served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Pabón Rodriguez, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999). Our order was entered on February 1, 2008. Debtor's motion to reconsider was filed on February 11, 200. Thus, we consider Debtor's motion under Rule 59(e), applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023.

[3] Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq.

3

defendants admitted at the hearing held on September 13, 2007, after liquidation of trust assets of Judith's Fine Foods, Corp., PACA claimants will be left with a deficiency. Therefore, according to applicable case law, "the fact that Judith's received the produce from R Best, and gained ownership, control or possession, and have not satisfied the debt to R Best, is automatically considered defalcation for purposes of PACA and non-dischargeability of debt under §523(a)(4)."[4]

We disagree. PACA law clearly states that trust assets include the 'commodities', 'inventories of food or other products derived from such commodities', and 'any **receivables** or proceeds from the sale of such commodities or products'. 7 U.S.C. §499e(1)(emphasis ours). "The commodities, **receivables**, or proceeds 'shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents.' 7 U.S.C. §499e(c)(2)". <u>Hiller Cranberry Products, Inc. V. Koplovsky</u>, 165 F.3d 1, 5 (1st Cir. 1999)(emphasis ours). "PACA liability attaches first to the corporation that has sold produce without remitting the proceeds due to the beneficiary. If, however, corporate assets are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had a role in causing the corporate trustee to commit the breach of trust." <u>In re Ozcelik</u>,



---

[4] See docket entry # 66, page 4.

4

267 B.R. 485, 490 (Bankr. D.Mass. 2001). *See also*, <u>Shepard v.</u>
<u>K.B. Fruit & Vegetable, Inc.</u>, 868 F.Supp. 703, 706 (E.D.Pa.
1994); <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 283 (9th
Cir. 1997); <u>Goldman- Hayden Co., Inc. v. Fresh Source Produce,</u>
<u>Inc.</u>, 217 F.3d 348, 351 (5th Cir. 2000).

In this case there are trust funds in the form of **accounts**
**receivables** available in a substantial amount, which indicate the
trust has not been dissipated.[5] At this time, R Best has failed
to prove the trust fund has been dissipated, or that its
fiduciaries failed to preserve the trust, constituting
defalcation under §523(a)(4). Therefore, we cannot grant R Best's
request for summary judgment against the officers as fiduciaries
of the trust.[6]

R Best's next argues we should reconsider our failure to
adopt the New York District Court's pre-petition default judgment



---

[5] Although we are aware of debtor's averments made in open
court on September 13, 2007, R Best omits the fact that the
defendant was acting pro se at that time . Once Counsel
intervened, the defendant supplemented its opposition to summary
judgment, indicating there were sufficient trust fund assets in
the form of accounts receivables to satisfy all PACA claims. See
docket entry # 55. Furthermore, the existence of these funds was
recognized in a settlement filed in Judith's and the defendants'
bankruptcy cases, where Judith's, the defendants, R Best and the
other PACA claimants, and the Chapter 7 Trustee, agreed the
Trustee would abandon Judith's receivables and collection
procedures would be attempted, depositing any recovered funds
with the Clerk of the District Court of Puerto Rico, pending
resolution of proceedings to determine entitlement to the funds,
between PACA claimants and secured creditor Business Funds Inc.
See docket entry # 38.

[6] The case law cited by R Best does not involve trusts with
assets available for payment to creditors; those trusts were
completely dissipated.

5

finding that the defendants dissipated PACA trust assets, under the doctrine of res judicata. R Best's motion for summary judgment and our order denying the same, discussed the application of the doctrine of collateral estoppel. The doctrine of res judicata or "claim preclusion" is raised for the first time in this motion. Thus, we do need to delve into this ground for reconsideration. Rivera v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994).

Since R Best has failed to establish any error of fact or law, or present newly discovered evidence warranting reconsideration of our order denying summary judgment under FRCP 59 and FRBP 9023, we deny its motion to reconsider our order entered on February 1, 2008. Our order scheduling pre trial hearing remains in effect.

SO ORDERED, in San Juan, Puerto Rico, on July 11, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge